JOURNAL ENTRY AND OPINION
Appellant Al Nayman appeals the city of Cleveland Housing Court's decision in City of Clev. v. Nayman (Oct. 4, 1999) M.C. No. 99CRB5941, unreported, and City of Clev. v. Nayman (Oct. 4, 1999) M.C. No. 96CRB36561, unreported, denying, in each case, his motion to withdraw his plea, to vacate the finding of guilt, and to dismiss his complaint. This Court consolidated appellant's appeals for review and decision.
Appellant assigns the following two errors for our review inCity of Clev. v. Nayman (Oct. 4, 1999) M.C. Nos. 96CRB36561 and 99CRB5941:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW PLEA OF NO CONTEST; TO VACATE FINDING OF GUILTY AGAINST ALVIN NAYMAN; AND TO DISMISS COMPLAINT.
 II. THE RECORD IN THIS CASE IS IRREGULAR, PREJUDICIAL TO DEFENDANT AND SHOULD NEVER SUPPORT A CONVICTION.
Additionally, appellant assigns the following third error inCity of Clev. v. Nayman (Oct. 4, 1999) M.C. No. 99CRB5941:
III. THE COMPLAINT AGAINST DEFENDANT IS FATALLY FLAWED.
Having reviewed the record and the legal arguments of the parties, we conclude that this Court lacks jurisdiction to consider appellant's second and third assignments of error as an improper attempt to perfect an untimely appeal. With regard to appellant's first assignment of error, we affirm the decision of the trial court. The apposite facts follow.
The city of Cleveland charged appellant in City of Clev. v.Nayman (Oct. 4, 1999) M.C. No. 96CRB36561 and 99CRB5941 with various building code violations in connection with commercial property located on Praha Avenue. In City of Clev. v. Nayman (Oct. 4, 1999) M.C. No. 96CRB36561, the city served appellant with a summons dated December 2, 1996 which required appellant to appear in court on January 13, 1997. Appellant acknowledged receipt of the summons on December 12, 1996, but failed to appear in court on January 13, 1997. The court issued a capias, which it recalled upon contact with appellant on March 12, 1999. At appellant's request and for good cause shown, the trial court continued this case until March 25, 1999.
The city served appellant with a summons in City of Clev. v.Nayman (Oct. 4, 1999) M.C. No. 99CRB5941 dated February 5, 1999, which required appellant to appear in court on March 25, 1999. Appellant acknowledged receipt of the summons on February 9, 1999.
On March 25, 1999, appellant, appearing pro se, entered a plea of no contest to the charges in both cases. The trial court found appellant guilty and fined him Two thousand dollars ($2,000) inCity of Clev. v. Nayman (Oct. 4, 1999) M.C. No. 99CRB5941 and One thousand five hundred dollars ($1,500) in City of Clev. v. Nayman
(Oct. 4, 1999) M.C. No. 96CRB36561. The trial court clerk file stamped both sentencing orders for entry on the court's journal on March 25, 1999.
On June 9, 1999, appellant, through counsel, filed a motion to withdraw his plea of no contest, vacate the guilty finding and dismiss the complaints (Motion) in both cases. In his motion to withdraw his plea in City of Clev. v. Nayman (Oct. 4, 1999) M.C. No. 96CRB36561, appellant urged the court to grant his motion because he did not own the property in question; the offense was more than two and one half years old; and he did not make his plea knowingly, intelligently, or voluntarily.[1]
In his motion to withdraw his plea in City of Clev. v. Nayman
(Oct. 4, 1999) M.C. No. 99CRB5941, appellant contended that the court should permit him to withdraw his plea because he did not own the property and did not make his plea knowingly, intelligently, or voluntarily. In the affidavit appellant attached to his motion in both cases, appellant stated that he was not the owner of the property; that Quality Stamping Inc. owned the property; that he was unaware of the significance of corporate ownership; and accordingly, wished to change his plea.
The trial court announced its denial of appellant's motions on July 8, 1999, finding as it had previously determined that appellant fit the definition of owner as defined under C.C.O. 3101.5(j). The trial court concluded that appellant's allegation that he did not hold legal title to the property in question did not preclude legal liability.[2] Further, in denying appellant's request for a hearing, the trial court found that appellant failed to allege sufficient facts which, if accepted as true, would require the court to permit appellant to withdraw his plea. The court did not journalize the order until October 4, 1999.
Appellant, who alleges that he received notice of the court's denial on August 17, 1999, filed his appeal on September 15, 1999. However, as previously noted, the trial court did not enter its judgment denying appellant's motion until October 4, 1999. "A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." App.R. 4(C). Pursuant to App.R. 4(C), this Court treats appellant's premature appeal as filed on October 4, 1999.
In appellant's first assignment of error, he alleges that the trial court erred in denying his notions to withdraw his plea of no contest. The appellate court reviews the grant or denial of a motion to withdraw a plea under an abuse of discretion standard.State v. Xie (1992) 62 Ohio St.3d 521, 584 N.E.2d 715. While the trial court should freely grant pre-sentence motions to withdraw pleas, the court should grant post sentence motions to withdraw pleas only to correct manifest injustice. Id. at 525,584 N.E.2d at 718. The burden of establishing the existence of manifest injustice belongs to the defendant seeking to withdraw his plea. State v.Smith (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324, 1326.
In the instant case., appellant alleges that he entered his plea without the benefit of counsel and, therefore, lacked awareness of a potential defense to the charges. Notably, appellant does not allege that the trial court failed to inform him of the nature of the charges against him, the effects of a no contest plea, or his right to counsel as required under R.C. 2937.02. Additionally, appellant does not allege that the trial court acted to prevent him from obtaining counsel. Further, appellant chose not to provide this Court with a transcript of the sentencing hearing, nor did he provide an agreed statement of the proceeding as an alternative method of placing the trial court's proceedings before us for review pursuant to App.R. 9.
Appellant, in challenging the trial court's denial of his motion to withdraw, bears the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters necessary to support his assignment of error.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384. When an appellant fails to provide the reviewing court with a transcript necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199,400 N.E.2d at 385. Accordingly, we overrule appellant's first assignment of error.
In his second and third assignments of error, appellant challenges the sufficiency of the court record and complaint supporting his conviction. Appellant could have raised these alleged errors in a direct appeal of the conviction. The trial court entered appellant's sentence in both cases on March 25, 1999. Appellant did not file his notice of appeal until September 15, 1999, six months after the trial court entered his sentence. Under App.R. 4(A), "[a] party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed." App.R. 4(A). Appellant failed to take a direct appeal from his conviction within the thirty day limit provided under App.R. 4(A). Consequently, we have no jurisdiction to review these issues. Accordingly, we overrule appellant's assignments of error two and three.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is teminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY. P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Appellant also advanced an argument in two separate and unrelated 1996 cases, City of Clev. v. Nayman (Oct. 4, 1999) M.C. Nos. 96CRB012321 and 96CRB012322, pertaining to alleged fire code violations. Appellant argued that "[i]t appears that Defendant was cited in 1996 for a violation of the fire code in Case No. 96CRB012321. Defendant was then cited, apparently for the same violation in the instant case (96CRB012322) * * * it appears that case No. 96CR3012321 was nollied [sic] by the court on October 30, 1996."
[2] C.C.O. 3101.5(j) definition of owner includes "[t]he owner or owners of the premises, a vendee in possession, a mortgagee or receiver in possession, a lessee or joint lessees of the whole thereof, or an agent or any other person, firm or corporation directly in control of the premises or having legal or equitable interest in the property.